IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RASHAN HUNT, | ) | Case No. 1:20-CV- 2666 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN LASHANN EPPINGER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION

This matter comes to the Court on a January 23, 2024 Report and Recommendation (R. 13) by United States Magistrate Judge Amanda M. Knapp recommending that the Petition of Rashan Hunt[1] for a writ of habeas corpus under 28 U.S.C. § 2254 be denied in part and dismissed in part as more fully set forth in the Report and Recommendation.

Although the Report and Recommendation specified that any objections to it must be filed within 14 days of Petitioner being served with that filing (*id*., Page ID# 624), Petitioner moved for an extension of time until March 7, 2024, to file objections (R. 14), which extension was then granted by this Court.  *See* February 9, 2024 Docket Order. No objections have been filed within the allowed time. Rather, on February 12, 2024, Petitioner sent a letter to this Court purporting to

---

[1] As the Report and Recommendation notes, Petitioner's first name appears in some documents as "Rashad," but most documents, including the Petition itself, give Petitioner's first name as "Rashan," which is used here. R. 13, Page ID # 573.

ask for a stay and abeyance of proceedings until Petitioner exhausts a new constitutional claim and "repairs standing on presumed procedural defaults." R. 15, Page ID# 627. The next day, February 13, 2024, the Court entered a docket entry acknowledging receipt of Petitioner's letter but informing him that, construing this communication as a motion, Petitioner was not authorized to individually file motions since he was represented by counsel and further to that point that such unauthorized motion was denied without prejudice. *See* February 13, 2024 Docket Order. Subsequently, on February 28, 2024, Petitioner's attorney moved the Court for permission to withdraw, citing Petitioner's February 12, 2024 letter to this Court (R. 15) as evidence of Petitioner's desire to proceed *pro se*. R. 16.

Petitioner, *pro se*, has since mailed the Court a letter along with a copy of an application filed with the Ohio appeals court for delayed reconsideration of the appellate decision that affirmed his conviction. R. 17. This action, which is also the basis for Petitioner's subsequent motion to stay and abate (R. 18), is addressed more fully below.

## STANDARD OF REVIEW

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal

Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## ANALYSIS

Initially, it must be emphasized, as noted above, that no objections to the R&R have been filed within the time specified. As is well-settled, the failure to timely object constitutes a forfeiture, *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019), and thus the district court has no obligation to conduct any further review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Further, as noted, Petitioner's counsel has moved to withdraw. R. 16. That motion is granted, with withdrawal effective as of the date as of the motion's filing. In addition, Petitioner's subsequent letter, which seeks to file here a copy of Petitioner's application for delayed reconsideration in the Ohio appeals court, has been docketed. *See* R. 17. Since Petitioner is no longer represented by counsel, his *pro se* filing is proper.

In that application to the Ohio appeals court, and as a basis for the requested stay here, Petitioner argues that the October 2023 decision of the Ohio Supreme Court in *State v. Gwynne*,

2023 Ohio 3851, 2023 WL 7005958 (Oct. 25, 2023 Ohio) altered the standard of review under various Ohio Revised Code sections, including Ohio Revised Code 2953.08(G)(2), to be applied by Ohio courts in appeals from consecutive sentences. He maintains that under the *Gwynne* rubric, the Ohio appeals court erred by deferring to the trial court's findings supporting a consecutive sentence instead of conducting *de novo* review.

To that point, Petitioner raises an issue of state law which is non-cognizable in federal habeas proceedings. It is a long-standing fundamental principle of federal habeas law that federal habeas courts do not act as supplemental state appellate courts for the purpose of reviewing purported violations of state law and procedure. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Further, even to the extent that Petitioner cites various decisions of the United States Supreme Court addressing when state courts may impose *maximum* sentences, he has not cited an applicable decision of the United States Supreme Court related to *consecutive* sentences that was issued after his original appeal was heard by the Ohio court and which was explicitly made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Thus, because Petitioner could have raised any federal law claim related to his consecutive sentence during his original appeal, any attempt to do so now would be time-barred and is not a basis for granting a stay of this action.

## CONCLUSION

Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. R. 13, Page ID # 624. No objections have been filed. The Court, having carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 13) is hereby ADOPTED.

In addition, for the reasons stated above: (1) the motion by Petitioner (R. 18) to stay and abate consideration of this habeas petition is DENIED; and (2) the motion by Petitioner's counsel to withdraw (R. 16) is GRANTED, effective February 28, 2024.

Further, also for the reasons stated, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. §2253(c)(2), and so a certificate of appealability shall not issue. Federal Rule of Appellate Procedure 22(b).

IT IS SO ORDERED.

Date: March 29, 2024

/s/*David A. Ruiz*
David A. Ruiz
United States District Judge