UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RASHAN HUNT, | CASE NO. 1:20-cv-2666 |
| Petitioner, | JUDGE DAVID A. RUIZ |
| v. | |
| | **MEMORANDUM OPINION** |
| WARDEN, LASHANN EPPINGER, | **AND ORDER** |
| Respondent. | |

This matter comes before the Court on the motion (R. 21) of Petitioner Rashan Hunt to alter or amend this Court's judgment (R. 20) that both denied his request to stay and abate consideration of his petition and, by adopting the Report and Recommendation of the magistrate judge (R. 19), dismissed in part and denied in part his petition for habeas relief. Respondent has replied in opposition to the motion to alter or amend. R. 22. For the reasons stated below, the Court denies Portioner's motion.

I. Facts

Petitioner Rashan Hunt filed a Petition for writ of habeas corpus following his convictions in Cuyahoga County Common Pleas Court. R. 1. Respondent filed an Answer/Return of Writ (R. 7), after which Petitioner filed a traverse. R. 12.  On January 23, 2024, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the

petition be denied in part and dismissed in part, R. 13, which R&R was then adopted by this Court in an order that also denied Petitioner's motion to stay the proceedings. R. 19.

Thereafter, Petitioner, *pro se*, moved to alter or amend the Court's judgment pursuant to Fed. R. Civ. P. 59 (e). R. 21. Petitioner raises three arguments:

(1) the Court erred in denying his motion to stay pending appeal because the Court was in error that an appeal would have been time-barred;

(2) the Court erred in denying Hunt the opportunity to proceed *pro se* because his retained counsel never timely sent Hunt a copy of the R&R, thereby denying him the chance to file a timely objection through counsel; and,

(3) the Court failed to recognize that Hunt has meritorious objections to the R&R. R. 21, Page ID#: 656-59.

Respondent opposes the motion and asserts:

(1) the time-bar question is ultimately irrelevant since the issue Petitioner would appeal is purely a question of state law that is non-cognizable as a federal habeas claim.

(2) Petitioner's argument that he should have been allowed another opportunity to file objections because he did not timely receive a copy of the R&R is unpersuasive. The record shows that Petitioner's counsel requested and received an extension of time to object on the grounds that counsel wanted to consult with Petitioner. During this extension, Petitioner *pro se* moved to stay and his counsel, with court approval, withdrew, and Petitioner had an additional eight remaining days of the extension to file objections. Moreover, Petitioner does not set forth in the present motion when he actually received the R&R, thus leaving the Court without a basis for evaluating his claim in that respect.

(3) The Court's existing order explained that it was sell-settled that the failure to file timely objections will be construed as a forfeiture of the right to later file such objections. R. 22, Page ID#: 663-664.

## II. Standard of Review

Under Rule 59, courts should only alter or amend judgment upon a showing of one these four factors: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). Meeting one of these threshold factors is necessary to "protect the finality of judgments and the expeditious termination of litigation." *Id* at 615–16 (quoting *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir. 2002)). District courts have considerable discretion in deciding whether to grant a Rule 59 motion. *See Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir. 2002).

The court "recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers." *Robinson v. Child Protective Servs.*, No. 3:07 CV 39 R, 2007 WL 1959170 (W.D. Ky. June 29, 2007) (quoting *Haines v. Kerner,* 404 U.S. 519 (1972). However, this duty to be less strict with *pro se* complaints "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir. 1979). The Court is not "required to create a claim for the *pro se* Plaintiff." *Robinson v. Child Protective Servs.* (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To order the opposite would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id* (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III. Analysis

Mindful of the four factors cited above, it is clear that Petitioner fails to establish any of the four avenues that the Court can take in order to grant his motion.

The first avenue is showing that the judgment to be altered was based on an error of law. In that regard Petitioner claims that the Court erred in finding that a potential delayed appeal would have been rejected by the Ohio courts as time barred. R. 21, Page ID#: 657-58. The issue Petitioner stated he intended to raise in filing a delayed appeal deals with "whether consecutive sentences are disproportionate to the offender's conduct…an 8th Amendment question of disparity and proportionality," and further states that "[t]he standard of review employed by the [Oho] court of appeals has now changed, permitting retroactive application." *Id*., Page ID#: 659.

As an initial matter, whether Ohio courts would have rejected such an appeal as time-barred,[1] as the Report and Recommendation concluded, is ultimately irrelevant. As the Court's Order stated, the issue that Petitioner seeks to raise in challenging the proportionality of consecutive sentences under Ohio law is a state law matter that has not been addressed by the United States Supreme Court in a decision issued after Petitioner was convicted and then made retroactive. R. 19, Page ID#: 652. Thus, even though the Ohio Supreme Court has accepted Petitioner's delayed appeal, any federal habeas claim based on the issue raised in that appeal is not cognizable. Accordingly, Petitioner has not shown that the judgment here was based on an error of law.

In addition, Petitioner fails to allege newly discovered evidence or facts to support his motion. Petitioner relies on the same set of facts set forth in his habeas petition and they were thoroughly discussed in the R&R. Moreover, Petitioner has not cited a change in controlling law.

---

[1] On October 29, 2024 the Ohio Supreme Court granted Petitioner's motion to file a delayed appeal. *State v. Hunt*, 2024 WL 4608357 (Table) (Ohio Supreme Court Oct. 29, 2024).

4

Although Petitioner argues that such a change should occur, Petitioner has not provided the Court with an intervening change in controlling law that also would be retroactive to his case.

Further, Petitioner has not argued a need to prevent manifest injustice. Petitioner does argue that "being sentenced for findings beyond his guilty plea to Involuntary Manslaughter" violates "*Ring, Apprendi and Blakeley.*" R. 21, Page ID#: 659. However, besides noting that these cases contain "language consistent with the mainstream of constitutional litigation," *id*. Petitioner cannot point to clear statutory or case authority that would mandate altering or amending the existing judgment.

Finally, Petitioner's arguments that he was denied an opportunity to timely object to the R&R are belied by the record.

### IV. Conclusion

Although the Court construes *pro se* arguments leniently, Petitioner has not provided any basis on which to grant the relief sought. Therefore, Petitioner's motion to alter or amend judgment (R. 21) is DENIED, for the foregoing reasons stated.

Date: February 12, 2025                    /s/ *David A. Ruiz*
                                           David A. Ruiz
                                           U.S. District Judge